## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| BOLDIZSAR JANKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 3:08-CV-145 |
| ) | |
| MICHAEL CHERTOFF, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter is before the Court on the Rule 41(a)(1) Stipulation of Dismissal, filed by *pro se* Plaintiff, Boldizsar Janko, and Defendants, Michael Chertoff, et al., jointly, on November 17, 2008 (DE #15). Based on that filing, the Clerk is **ORDERED** to **DISMISS** this case with prejudice.

BACKGROUND

*Pro Se* Plaintiff, Boldizsar Janko ("Janko"), filed an application for Naturalization to the United States in May of 2005. On October 25, 2005, Janko had his interview (examination) with the United States Citizenship and Immigration Services ("USCIS"), and he passed the English and U.S. History and Government tests. However, the Naturalization Interview Results form indicated that

a decision regarding his application could not be made at that time because a "name check" had not yet been completed by the FBI.

On December 20, 2007, the USCIS issued a letter to Janko and informed him that the processing of his case had been delayed as the "required investigation into [his] background remains open."

On March 25, 2008, Janko brought this action against Defendants, Michael Chertoff, et al. (collectively, "Defendants"), under 8 U.S.C. § 1447(b) seeking an adjudication to his naturalization application (DE #1). The relevant portion of that statute provides:

> If there is failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter. 8 U.S.C. § 1447(b)

Janko filed his § 1447(b) petition with this Court over 500 days after his initial examination, more than four times longer than the 120 day period required by law. In that petition, Janko requested that the Court enter an order adjudicating the naturalization or in the alternative remand the matter to the USCIS.

On April 30, 2008, Defendants filed a Motion to Remand (DE #5) stating that the FBI had recently completed its name check and there was no impediment to final adjudication by the USCIS.

Approximately two weeks after Defendants' Motion to Remand and before this Court issued an order of any kind, the USCIS approved Janko's Naturalization application. Plaintiff was naturalized in a ceremony on June 13, 2008. Accordingly, on August 1, 2008, Defendants filed a Motion to Dismiss the case as moot (DE #8). On August 28, 2008, this Court issued an Order taking the Motion to Dismiss under advisement. Janko was ordered to respond on or before September 15, 2008. Janko did not respond by the deadline.

Although neither party raised the issue, this Court expressed concerns that existing case law may render the naturalization of Janko technically invalid due to jurisdictional questions. As such, a hearing was scheduled for November 14, 2008, before this Court to discuss the issues of exclusive versus concurrent jurisdiction (DE #12). However, due to the continued unavailability of the Court based on medical reasons, that hearing was vacated. Subsequently, on November 17, 2008, the instant Rule 41(a)(1) Stipulation of Dismissal was filed jointly by the parties.

## DISCUSSION

As an initial matter, the Court realizes that the joint Rule 41(a)(1) Stipulation of Dismissal indicates that there is no longer a case or controversy between the parties. Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides, in relevant part, that "the plaintiff may dismiss an action without a court order by filing .

-3-

. . a stipulation of dismissal signed by all parties who have appeared." Federal Rule of Civil Procedure 41(a)(1)(B) further provides that, unless the stipulation states otherwise, the effect of such stipulation is without prejudice. Here, all parties have signed the stipulation, and the stipulation states that it shall be with prejudice. Accordingly, this cause of action was terminated as of the date of the filing of the Stipulation of Dismissal on November 17, 2008, and the case is dismissed with prejudice.

However, because Janko proceeded *pro se* in this matter and the relevant hearing was vacated due to the continued unavailability of the Court, for the record, the Court will set forth its concerns regarding the potential implications of existing case law on the validity of Janko's naturalization.

Defendants' original Motion to Dismiss did not cite particular legal standards but simply declared the case moot because Plaintiff was naturalized on June 13, 2008. On October 7, 2008, after the Court scheduled a hearing on the matter, Defendants filed a Table of Supplemental Authorities to address the jurisdictional issues. In that filing, Defendants cited several district court cases which held that the court lacked jurisdiction over the immigration action once the alien was naturalized and that the USCIS retained concurrent jurisdiction with the district courts while the case was pending. See *Xie v. Mukasey*, 575 F.Supp.2d 963 (E.D.Wis. 2008); *Rethalah v. U.S. Citizenship and Immigration Service*, 2008 WL

4185915 (E.D.Mich., Sept. 8, 2008); *Ali v. Frazier*, 2008 WL 4180265 (D.Minn., Sept 11, 2008); *Fatayer v. Swacina*, 2008 WL 4279688 (M.D.Fla., Sept. 15, 2008).

However, Defendants did not acknowledge that case law is not definitive as to whether, once a § 1447(b) motion is filed, the district court is vested with exclusive jurisdiction over the proceedings or whether the district court's jurisdiction is concurrent with that of the USCIS.

The Seventh Circuit has not yet ruled specifically on the issue. The only two published appellate court decisions to do so (the Fourth as well as Ninth Circuits) and many of the district courts to consider the issue, have held that § 1447(b) does grant exclusive jurisdiction in the district court once the petition is filed and that any decision by the USCIS after the district court is vested with exclusive jurisdiction is technically void. See *Etape v. Chertoff*, 497 F.3d 379, 385 (4th Cir. 2007); *United States v. Hovsepian*, 359 F.3d 1144, 1159 (9th Cir. 2004) (en banc); *Zaidi v. Chertoff*, 2006 WL 3147722, at *3 (N.D.Ill. Nov. 1, 2006); *Meraz v. Comfort*, 2006 WL 861859, at *2-3 (N.D.Ill. Mar. 9, 2006); *Castracani v. Chertoff*, 377 F.Supp.2d 71, 72-73 (D.D.C. 2005). See also *Walji v. Gonzalez*, 500 F.3d 432, 437-38 (5th Cir. 2007) (while deciding a related immigration matter, the court discussed legislative history suggesting district courts have exclusive jurisdiction under § 1447(b) (H.R.Rep. No. 101-187, at 34 (1989)).

8 U.S.C. § 1447(b) was thoroughly analyzed in the aforementioned Fourth and Ninth Circuit decisions. For example, the Ninth Circuit court concluded the express wording of the statute indicates "Congress intended to vest power to decide languishing naturalization applications in the district court *alone, unless* the court chooses to 'remand the matter' to the INS, with *the court's* instructions." *United States v. Hovsepian*, 359 F.3d at 1160 (*emphasis original*). That court also indicated the remand option provides a "hierarchical result that is more consistent with exclusive jurisdiction than with concurrent jurisdiction." *Id*. at 1160-61. The Fourth Circuit concluded that § 1447(b) vests the district court with exclusive jurisdiction which "furthers the twin congressional goals of streamlining the process but retain[s] applicants' judicial rights and ability to choose the forum that will adjudicate their applications." *Etape v. Chertoff*, 497 F.3d at 386.

The Court notes that if the reasoning of the appellate courts is adopted, then this Court was vested with exclusive jurisdiction when Janko filed his petition. Therefore, the USCIS did not have the authority to naturalize Janko on June 13, 2008, and his naturalization may be technically invalid. The Court would then have had the option of remanding the matter back to the USCIS for re-naturalization of Janko, or, in the alternative, this Court could have potentially re-naturalized Janko itself.

However, if the reasoning of several other district courts is adopted, the USCIS retained concurrent jurisdiction with this Court when Janko filed this action. In that scenario, the USCIS had the authority to properly naturalize Janko, and the matter before the Court became moot when he was naturalized.

The hearing was scheduled to discuss the issues and options set forth above. However, in any event, as described more fully above, the parties have agreed to a stipulated dismissal under Rule 41(a)(1), and the Court is without authority to act upon the matter at this point.

CONCLUSION

Therefore, for the reasons set forth above and based on the filing of the Rule 41(a)(1) Stipulation of Dismissal, the Clerk is **ORDERED** to **DISMISS** this case with prejudice.

**DATED: January 15, 2009**          /s/RUDY LOZANO, Judge
                                     **United States District Court**